# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARPEAH RUDOLPH NYENEKOR, SR.,** | : | **CIVIL NO. 1:17-CV-340** |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Petitioner** | : | |
| | : | |
| v. | : | |
| | : | |
| **VICTOR FLOURNOY, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently pending before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Carpeah Rudolph Nyenekor ("Nyenekor"), an inmate previously confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania("FCI-Allenwood"). The petition is ripe for disposition and, for the reasons set forth below, the court will dismiss the petition.

## I. Background

Nyenekor states that he received incident reports on August 9, 2016, August 22, 2016, and November 21, 2016 while confined at FCI-Allenwood, which resulted in the loss of good conduct time and other sanctions. (Doc. 1).

Nyenekor alleges that he is entitled to relief because: (1) he lost good conduct time, is an "elderly inmate," and has "medical restrictions"; (2) he is unable to get up and down from his bunk, and he is unable to walk up and down the stairs in the

general population housing unit; (3) he should not be sanctioned to "indefinite solitary confinement" because he refuses to enroll in adult education programs; and, (4) he should be able to challenge his disciplinary sanctions in a section 2241 habeas petition because the BOP failed to "redress" his challenges through the administrative remedy process. (Id. at 6-8).

Nyenekor seeks release from solitary confinement and restoration of his good conduct time. (Id. at 8).

## II. Discussion

### A. Exhaustion of Administrative Review

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of

2

the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. 28 C.F.R. §§ 542.10, *et seq*. With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the DHO's written report. 28 C.F.R. § 542.14(d)(2). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). This is the inmate's final available administrative appeal.

In the habeas petition, Nyenekor challenges incident report numbers 2882279, 2887237, and 2920524. A review of BOP records indicates that Nyenekor failed to exhaust his administrative remedies.

On August 9, 2016, Nyenekor was charged in incident report 2882279 with refusing an order from staff, refusing to work or accept a program assignment, and insolence towards a staff member. (Doc. 13-1 at 2, Declaration of Matthew Lavelle ("Lavelle Decl."), ¶ 6). On August 25, 2016, a Discipline Hearing Officer ("DHO") determined that Nyenekor committed the prohibited act of refusing to obey the

order of a staff member. (Doc. 13-1 at 10-12, DHO Report). The DHO imposed sanctions that included disciplinary segregation, the disallowance of twenty-seven days good conduct time, forfeiture of sixty days non-vested good conduct time, and loss of privileges. (Id.) On September 15, 2016, Nyenekor filed administrative remedy 876179-R1 concerning incident report 2882279. (Lavelle Decl. ¶¶ 9, 17; Doc. 13-1, Ex. 1, Administrative Remedy Generalized Retrieval, at 71). The remedy was rejected and Nyenekor was advised that he may resubmit his appeal in proper form. (Id.) The record reflects that Nyenekor did refile administrative remedy 876179-R1. (Id.)

On August 22, 2016, Nyenekor was charged in incident report 2887237 with reusing an order from staff. (Lavelle Decl. ¶ 7). On September 2, 2016, a DHO determined that Nyenekor committed the prohibited act of refusing to obey the order of a staff member. (Doc. 13-1 at 27-29, DHO Report). The DHO imposed sanctions that included disciplinary segregation, the disallowance of twenty-seven days good conduct time, forfeiture of sixty days non-vested good conduct time, and loss of privileges. (Id.) On September 15, 2016, Nyenekor filed administrative remedy 876178-R1 concerning incident report 2887237. (Lavelle Decl. ¶¶ 9, 15; Doc. 13-1, Ex. 1, Attach. 1, Administrative Remedy Generalized Retrieval, at 70). The remedy was rejected and Nyenekor was advised that he may resubmit his appeal in proper form. (Id.) The record reflects that Nyenekor did refile administrative remedy 876178-R1. (Id.)

On November 21, 2016, Nyenekor was charged in incident report 2920524 with refusing to work or accept a program assignment, and refusing to obey an order of a staff member. (Lavelle Decl. ¶ 8). On February 3, 2017, a DHO determined that Nyenekor committed the prohibited act of refusing to obey the order of a staff member. (Doc. 13-1 at 44-16, DHO Report). The DHO imposed sanctions that included the disallowance of twenty-seven days good conduct time, forfeiture of sixty days non-vested good conduct time, and loss of privileges. (Id.) The record reflects that Nyenekor did not file any administrative remedies concerning incident report 2920524. (Id. at ¶¶ 9, 19).

The record clearly reflects that Nyenekor did not properly complete the administrative remedy appeal process with respect to incident report numbers 2882279, 2887237, and 2920524. Therefore, based on Nyenekor's failure to exhaust his administrative remedies, the habeas petition will be dismissed.

**B.     Claims not Cognizable in a Federal Habeas Corpus Action**

Nyenekor also challenges his conditions of confinement with respect to his bunk, housing unit, and programming demands. A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention

were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Nyenekor's claims related to his bunk assignment, programming assignment, and the stairs in general population are challenges to the conditions of his confinement, and not the legality of his detention or the sentence. Because these claims do not affect the length of Nyenekor's sentence or the duration of his confinement, they are not cognizable in a habeas petition. Therefore, the court will dismiss these claims without prejudice to any right Nyenekor may have to assert these claims in a properly filed civil rights complaint.

### III. **Conclusion**

Based on the foregoing, the court will dismiss the habeas petition. An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania

Dated:     December 20, 2018